## PROCEDURE WHERE EQUITABLE RELIEF IS REQUIRED IN ACTION BEFORE MAGISTRATE.

Circuit Court of Cuyahoga County.

MARY BASTIFELL v. THE BAILEY COMPANY.

Decided, November 14, 1910.

*Justice of the Peace—Equitable Defense—Action for Reformation and Injunction.*

Where a defendant in an action before a justice of the peace requires equitable relief, such as the reformation of a written instrument, which relief the justice can not grant, his proper course is to bring his action in the court of common pleas for reformation of the instrument and pray for an injunction to restrain the prosecution of the justice action until his rights to such relief are adjudicated.

*W. J. Wilson* and *D. B. Carpenter,* for plaintiff.
*Feniger & Kastriner,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This case was originally brought before a justice of the peace, being a replevin suit begun by the Bailey Company for the recovery of a piano. The transaction out of which the litigation grew was an exchange of pianos, whereby a balance of $245 was left owing the Bailey Company by Mrs. Bastifell. Upon

the trial in the justice court it appeared the facts were these: About the time the exchange was effected, the Bailey Company gave a certificate, by the terms of which it undertook and agreed then and there that any installments of the purchase price due it for the piano which it had given in exchange to Mrs. Bastifell would, in case of her death, be canceled, so that the piano would become the unencumbered property of her personal representatives.

The defendant contended that the real agreement with the Bailey Company was that the obligation should be canceled in case of the death, not of Mrs. Bastifell, who purchased the piano, but of her husband, out of whose earnings the installments were to be paid. It is evident that the certificate was signed and delivered subsequently to the consummation of the exchange, though the agreement, whatever its terms, was made at the time.

The case, as before stated, was originally brought before a justice of the peace, who when confronted with the certificate, ruled against the defendant's contention because, as he said, it varied the terms of the written agreement. No exception was then reserved, nor was any proper offer made to prove the alleged oral agreement made between the parties at the time of the exchange of pianos; and though it may well be true, if we understand the situation, that the evidence was admissible, still the error is not properly presented in the record before us.

But, it is urged further on behalf of Mrs. Bastifell, if the justice was right in ruling out this evidence, the defendant's contention that the certificate or agreement should be reformed and construed in accordance with the actual meaning and intent of the parties, presented an equitable defense which made it the duty of the justice to dismiss the case and permit it to be brought in a forum which could adjudicate equitable issues.

We do not understand that this is the proper practice.

If a reformation of the certificate were required to enable the defendant to make his proper defense, he must bring his action to reform it in the only forum which has cognizance of that matter, to-wit, the court of common pleas. There, pending the action, an order temporarily restraining the prosecution of the replevin suit could be had. Manifestly, as pointed out at the

hearing, if the justice had dismissed the action, it being for property valued at less than $100, we will say, and a new action had been brought in the court of common pleas, the petition in replevin would there have been demurrable because it was below the jurisdiction of the court of common pleas, and the plaintiff, having been thrown out of the justice court, would then be thrown out of the court of common pleas, as well.

We see no error in the record before us and the judgment is affirmed.